IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 10-359 T

(Senior Judge Eric G. Bruggink)

_____

SCOTT B. GANN,

           Plaintiff,

v.

THE UNITED STATES,

           Defendant.

_____

**DEFENDANT'S ANSWER AND COUNTERCLAIM**
_____

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the amended complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained in the amended complaint not specifically admitted below.

In response to particular paragraphs of the amended complaint, defendant further:

1. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 1, except admits that plaintiff is an individual. As to the second sentence of paragraph 1, admits only that the Identification Number set out was used on returns filed in plaintiff's name.

2. Admits only that service of an initial complaint in an action may be accomplished by the process set out in paragraph 2. Avers that service on defendant of subsequent filings and

documents in this action must be accomplished by serving them upon defendant's attorney of record in compliance with the Rules of the Court of Federal Claims.

    3. Admits only that the allegations of paragraph 3 accurately describe plaintiff's position in this case; denies that any trust fund recovery penalty was illegally or erroneously assessed against, or illegally or erroneously collected from, plaintiff; denies that plaintiff is entitled to the relief he seeks.

    3(a). Admits only that the allegations of paragraph 3(a) accurately describe plaintiff's position in this case; denies that plaintiff is entitled to the relief he seeks.

    3(b). Admits only that on February 7, 2010, plaintiff's account for the quarter ending March 31, 2007, was credited with a subsequent payment of tax of $467; otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3(b).

    3(c). Admits only that plaintiff did not file a return related to the trust fund recovery penalty of which he seeks a refund; otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3(c) regarding plaintiff's reasons for not filing a return.

    3(d). States that the allegation that plaintiff "timely" submitted a claim for refund and request for abatement constitutes a legal conclusion, to which no response is necessary. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraph 3(d).

    4. Admits only that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491 and 26 U.S.C. § 7422.

5. To the extent the allegations of paragraph 5 constitute legal conclusions, avers that no response is required; to the extent paragraph 5 contains factual allegations, defendant admits those allegations. Defendant avers that during the tax period ending March 31, 2007, plaintiff was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Humanity Capital, Inc. Defendant further avers that plaintiff was an owner and/or officer of Humanity Capital, Inc., and plaintiff participated in the financial operations of Humanity Capital, Inc. Therefore, defendant further avers that on or about May 27, 2009, a delegate of the Secretary of the Treasury made an assessment of a liability arising under § 6672 against plaintiff for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Humanity Capital, Inc. for the tax period ending March 31, 2007.

6. To the extent paragraph 6 contains factual allegations, defendant denies those allegations. To the extent the allegations of paragraph 6 constitute legal conclusions, avers that no response is required.

7. Admits only that the allegations of paragraph 3 accurately describe plaintiff's position in this case; otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7. Denies that plaintiff is entitled to the relief he seeks.

**Additional Defenses:**

8. Defendant has been unable to verify the existence of any claim for refund filed by plaintiff. Defendant has also been unable to verify the existence of any disallowance of plaintiff's alleged refund claim, and less than six months separate the date upon which plaintiff

alleges he filed his claim for refund and the date he initiated this lawsuit. In the event that defendant remains unable to verify plaintiff's claims in this regard, defendant may assert a jurisdictional defense.

## COUNTERCLAIM

9. This counterclaim is authorized by the Chief Counsel of the Internal Revenue Service as the delegate of the Secretary of the Treasury. It is brought at the direction of the Chief of the Court of Federal Claims Section of the Tax Division as the delegate of the Attorney General of the United States pursuant to the provisions of § 7401.

10. Jurisdiction of this counterclaim is conferred upon the Court by 28 U.S.C. §§ 1503, 2508.

11. This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against plaintiff/counter-defendant Scott B. Gann pursuant to § 6672.

12. During the periods set forth below in paragraph 13, plaintiff/counter-defendant was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Humanity Capital, Inc.

13. On or about May 27, 2009, a delegate of the Secretary of the Treasury made an assessment of a liability arising under § 6672 against plaintiff/counter-defendant for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Humanity Capital, Inc. for the tax periods ending June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007.

14. Despite proper notice and demand for payment of the assessments referred to in paragraph 13 above, plaintiff/counter-defendant has neglected, failed, or refused to make full payment of the assessment amounts to the United States, and there remains due and owing on said assessments the sum of $699,690.33, plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

WHEREFORE, defendant requests:

1. That the complaint be dismissed with costs assessed against plaintiff; and

2. That the United States recover judgment on its counterclaim against plaintiff in the amounts of the assessed § 6672 penalties and interest, less amounts the Internal Revenue Service has credited against the assessments, plus interest and costs as allowed by law.

Respectfully submitted,

s/ Karen M. Groen
KAREN M. GROEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508

JOHN DiCICCO
Acting Assistant Attorney General, Tax Division
STEVEN I. FRAHM
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims Section

s/ G. Robson Stewart
Of Counsel

November 8, 2010