# In the United States Court of Federal Claims

No. 10-359T
(Filed: March 21, 2017)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SCOTT B. GANN,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*.

Reconsideration; 26 U.S.C. § 6672; Trust Fund Taxes; Trust Fund Tax Penalty; Willfulness; Reckless Disregard of a Known or Obvious Risk; Implied Designation.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*K. Lawson Pedigo*, Dallas, TX, for plaintiff.

*Jason Bergmann*, Tax Division, United States Department of Justice, Washington, DC, with whom were *Caroline D. Ciraolo*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, *G. Robson Stewart*, Assistant Chief, and *Jason S. Selmont*, Trial Attorney, for defendant

## ORDER

On September 16, 2016, we issued a post-trial opinion in this tax refund suit, finding that plaintiff recklessly disregarded the possibility that his company would fail to remit to the Internal Revenue Service ("IRS") all of the FICA taxes withheld from employee paychecks. The IRS's imposition of a penalty against plaintiff personally for a willful failure to pay was thus proper under 26 U.S.C. § 6672 (2012). We ordered the parties to consult and propose the proper amount to be awarded on defendant's counterclaim. Instead, on October 14, 2016, plaintiff moved for reconsideration of our opinion. We ordered defendant to respond and allowed plaintiff to file a reply. The motion is fully briefed. Oral argument is unnecessary.

The basis of plaintiff's motion is that the payroll tax amounts paid to the

IRS by Humanity Capital, Inc. ("HCI") for the fourth quarter of 2006 and the first and third quarters of 2007 exceeded the amounts withheld from employee pay during those quarters. This, according to plaintiff, is evidence of his subjective intent to pay at least the trust fund tax owed for those quarters. He argues that he thus should not be subject to a penalty for willful failure to pay the trust fund tax owed for those quarters. That the IRS applied those monies to plaintiff's tax debts differently, resulting in a continuing trust fund tax shortfall, ought not be sufficient to impute a willful motive to plaintiff, he says. Plaintiff further notes that nothing on the IRS form 941s in evidence could have alerted plaintiff to the fact that the IRS was going to apply the amounts paid over by HCI to non-trust fund liabilities first. A plain reading of those forms would reasonably have led Mr. Gann to conclude that HCI was paying more than the trust fund tax liability, he avers. That is further evidence, in his view, that he could not have been willful in failing to pay during those quarters.

We disagree. As the government points out in its response to the motion, our holding was rooted in plaintiff's failure to assure that HCI's trust fund tax liabilities were met after the third quarter of 2005. Plaintiff became aware of HCI's failure to pay all of its employment taxes, including trust fund portions withheld from employee paychecks, after his company received a notice from the IRS in November 2005 that related to the middle two quarters of that year. He quickly reached a settlement agreement with the IRS and subsequently submitted three payments to satisfy HCI's obligation. We found that Mr. Gann was thus on notice of the problem going forward from November 2005.[1] *Gann v. United States*, 128 Fed. Cl. 394, 408 (2016). And we found, in light of his regular involvement in the finances of the company, that his failure to monitor the issue after then was, at minimum, a reckless disregard of the known or obvious risk that trust fund taxes might not be paid over to the IRS. *Id.* at 408-09; *see also Godfrey v. United States*, 748 F.2d

---

[1] Though plaintiff saw to it that HCI's back taxes were paid for the second and third quarters of 2005, his company's annual Securities and Exchange Commission filing for the 2005 year showed a large payroll tax liability for the fourth quarter. Subsequent quarterly filings also showed expanding liabilities, a component of which were the unpaid trust fund taxes. There is no question that plaintiff was on notice of the problem in November 2005, and the subsequent SEC filings show that he likewise had no reason to think the problem was solved.

1568, 1577 (Fed. Cir. 1984) ("Willful conduct may also include a reckless disregard of an 'obvious and known risk' that taxes might not be remitted.") (quoting *Feist v. United States*, 607 F.2d 957, 961 (Ct. Cl. 1979)). Because he was a responsible person for the company, this recklessness made the IRS's imposition of a penalty proper. Nothing in plaintiff's motion for reconsideration calls that holding into question.

In plaintiff's reply, he argues that the IRS's internal policies regarding how it applies payments when a taxpayer has a mix of past and current liabilities is a "gotcha" scheme that entraps the unwary taxpayer and inequitably results in the assessment of penalties. In plaintiff's view, the fact that HCI remitted sums necessary to meet the trust fund portion of tax obligations for particular quarters, notwithstanding that those payments were insufficient to meet the total tax owed for those quarters, ought to prove him not willful for those periods. The IRS's own decision regarding how it applies payments to outstanding liabilities should not form the basis of a finding of scienter for purposes of a penalty for willful failure to pay taxes, urges plaintiff.

The law, however, is less sanguine about the consequences of unpaid back taxes. In the quarters challenged by this motion, HCI's employment taxes were in arrears. The IRS's policy of generally applying payments first to non-trust fund liabilities and second to trust fund amounts owed is no secret nor is it illegal. *See Westerman v. United States*, 718 F.3d 743, 749 (8th Cir. 2013). It is also not a secret that a taxpayer may make an express election to pay trust fund liabilities first by making an explicit instruction to the IRS. *Id.* The fact that plaintiff made no election is not a defense, nor would it be a defense if he was ignorant of that right.[2]

As we held in September 2016, plaintiff had reason to know his company was not meeting its trust fund tax obligations after November 2005, and he either chose to ignore the problem going forward or was inexcusably ignorant of it. We found that reckless and upheld the IRS's imposition of a

---

[2] We also reject plaintiff's notion that he made an implied designation by paying sums equal to or greater than the amounts withheld from employee pay. *See Westerman*, 718 F.3d at 750 (rejecting the argument that the timing and amount of a payment was sufficient to establish an express designation by the taxpayer).

penalty under 26 U.S.C. § 6672. The fact that the company remitted sums near or equal to the amount of trust fund tax for particular quarters does not change the general fact that HCI failed to stay current on its employment taxes during every quarter at issue. The IRS lawfully applied payments consistent with its policy, and the result was a trust fund tax shortfall for the quarters challenged by this motion. In light of plaintiff's reckless disregard of the potential for a failure to pay, the imposition of a penalty was proper. Accordingly, plaintiffs' October 14, 2016 motion for reconsideration is denied.

Having resolved the motion for reconsideration, we again direct the parties to file a joint status report proposing the proper amount for judgment on defendant's counterclaim on or before April 11, 2017.

s/Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge